IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TOMAS VICTOR HERNANDEZ TORRES,<br><br>Defendant. | No. CR-F-05-365 OWW<br><br>ORDER DIRECTING TOMAS VICTOR HERNANDEZ TORRES TO FILE PLEADING WITHIN 30 DAYS |

On October 30, 2007, Tomas Victor Hernandez Torres, proceeding *in pro per*, filed a "Motion for Sentence Adjustment" and a "Notice of Appeal" in which Torres "request [sic] a direct appeal under 2255."

Torres pleaded guilty pursuant to a written Plea Agreement to possession of more than 500 grams of cocaine with intent to distribute. The Plea Agreement provided in pertinent part:

    2. **Agreements by the Defendant**.

1

>...
>
>**(c) The defendant agrees and stipulates to request a sentence of no less than 70 months. The defendant will not move for a downward departure or reduction of his sentence beyond that agreed to by the government under the terms of this written plea agreement. The defendant understands and agrees that this agreement by him includes, but is not limited to, not moving for a downward departure of his offense level, criminal history, criminal history points, as defined by the United States Sentencing Guidelines. The defendant further understands that provide [sic] no information to the Court which would justify a downward departure, nor make no written or oral address to the Court which would suggest to the Court that it is not bound by the plea agreement. When addressing the Court, the defendant will support and request a sentence of at least 70 months.**
>
>...
>
>**(g) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal his conviction or any sentence (or the manner in which that sentence was determined which is within the statutory maximum for the crime on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255.**

Torres was sentenced on February 12, 2007 to 70 months in custody. Torres did not file a Notice of Appeal to the Ninth Circuit.

In his "Motion for Sentence Adjustment", Torres requests a

six month reduction in his sentence.  Torres asserts:

> Because of his status as a deportable alien, Petitioner was ineligible to receive the rewards which are offered for the residential drug abuse program (DAP).  Also petitioner cannot receive a timely half way house.
>
> This places the defendant/petitioner to serve sentence under circumstances. [sic] more sever [sic] than those facing citizens under similar circumstances.  'Collateral Consequences' are not part of judgment of conviction and are not imposed upon the defendant for the purpose of punishing him.

Torres cannot seek a reduction of his sentence pursuant to Rule 35(b), Federal Rules of Criminal Procedure.  By its terms, Rule 35 does not apply to Torres.  In his "Notice of Appeal", Torres requests a "direct appeal under 2255."

It is apparent from these pleadings that Torres is seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  As explained in *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir.2000):

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se petitioner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

Torres is advised that the recharacterization of his

pleadings as a motion for relief pursuant to 28 U.S.C. § 2255 has potential adverse consequence to him.  Motions pursuant to Section 2255 are subject to a one-year limitation period.  Any claims for relief based on the conviction or sentence brought after the expiration of that one-year period may be barred unless facts demonstrating equitable tolling are established.  Further, if all claims for relief pursuant to Section 2255 are not brought in a single motion, subsequently asserted claims may be barred as "second or successive" unless prior authorization from the Court of Appeal is obtained.

Torres is ordered to file a pleading with the Court within 30 days of the filing date of this Order advising whether or not he consents to the recharacterization of his pleadings as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 or whether he elects to withdraw these pleadings. If Torres elects to withdraw the pleadings filed on October 30, 2007, Torres must file one all-inclusive Section 2255 motion on or before February 21, 2008.[1]  If Torres fails to file a pleading either consenting or withdrawing within 30 days of the filing date of this Order, Torres will be deemed to have consented to the recharacterization of the October 30, 2007 pleadings as a Section 2255 motion and the motion will be resolved by further Order.

///

---

[1] No opinion is expressed whether or to what extent Torres may be entitled to relief pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

**Dated:   November 7, 2007**              /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE