IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-05-365 OWW |
| | ) | |
| | ) | ORDER RECHARACTERIZING |
| | ) | MOTION FOR REDUCTION OF |
| Plaintiff, | ) | SENTENCE AS MOTION TO |
| | ) | VACATE, SET ASIDE OR CORRECT |
| vs. | ) | SENTENCE PURSUANT TO 28 |
| | ) | U.S.C. § 2255 AND DENYING |
| | ) | SECTION 2255 MOTION |
| TOMAS VICTOR HERNANDEZ TORRES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On October 30, 2007, Tomas Victor Hernandez Torres, proceeding *in pro per*, filed a "Motion for Sentence Adjustment" and a "Notice of Appeal" in which Torres "request [sic] a direct appeal under 2255."

By Order filed on November 8, 2007 (Doc. 67), Torres was ordered to file a pleading within 30 days advising whether or not he consents to the recharacterization of his pleadings as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 or whether he elects to withdraw these pleadings.

1

The November 8 Order stated:

> If Torres fails to file a pleading either consenting or withdrawing within 30 days of the filing date of this Order, Torres will be deemed to have consented to the recharacterization of the October 30, 2007 pleadings as a Section 2255 motion and the motion will be resolved by further Order.

Torres has not filed a pleading either consenting or withdrawing as required by the November 8 Order. Torres' pleadings filed on October 30, 2007 are recharacterized as a Section 2255 motion.

Torres pleaded guilty pursuant to a written Plea Agreement to possession of more than 500 grams of cocaine with intent to distribute. The Plea Agreement provided in pertinent part:

> 2.  <u>Agreements by the Defendant</u>.
>
> ...
>
> (c) The defendant agrees and stipulates to request a sentence of no less than 70 months. The defendant will not move for a downward departure or reduction of his sentence beyond that agreed to by the government under the terms of this written plea agreement. The defendant understands and agrees that this agreement by him includes, but is not limited to, not moving for a downward departure of his offense level, criminal history, criminal history points, as defined by the United States Sentencing Guidelines. The defendant further understands that provide [sic] no information to the Court which would justify a downward departure, nor make no written or oral address to the Court which would suggest to the Court that it is not bound by the plea agreement. When addressing the Court, the defendant will support and request a sentence of at least 70 months.
>
> ...

>    **(g) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal his conviction or any sentence (or the manner in which that sentence was determined which is within the statutory maximum for the crime on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255.**

Torres was sentenced on February 12, 2007 to 70 months in custody. Torres did not file a Notice of Appeal to the Ninth Circuit.

In his "Motion for Sentence Adjustment", Torres requests a six month reduction in his sentence. Torres asserts:

> Because of his status as a deportable alien, Petitioner was ineligible to receive the rewards which are offered for the residential drug abuse program (DAP). Also petitioner cannot receive a timely half way house.
>
> This places the defendant/petitioner to serve sentence under circumstances. [sic] more sever [sic] than those facing citizens under similar circumstances. 'Collateral Consequences' are not part of judgment of conviction and are not imposed upon the defendant for the purpose of punishing him.

Pursuant to the express terms of the Plea Agreement, Torres was precluded from seeking a reduction in his sentence because of his status as a deportable alien and is precluded from seeking post-conviction relief on this ground pursuant to Section 2255.

**Torres makes no claim that the Plea Agreement was not knowing and voluntary or that he was deprived of the effective assistance of counsel in entering into the Plea Agreement.  Torres is not entitled to any relief pursuant to Section 2255.  Torres' recharacterized Section 2255 motion is DENIED.**

IT IS SO ORDERED.

**Dated:    December 27, 2007**                                     **/s/ Oliver W. Wanger**
                                                                                    UNITED STATES DISTRICT JUDGE